Marmon Chicago Company, Plaintiff in Error, v. C. E. Heath et al., Defendants in Error.

Gen. No. 22,652. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Edward T. Wade, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed May 29, 1917.

### Statement of the Case.

Action by the Marmon Chicago Company, a corporation, plaintiff, against C. E. Heath, J. S. Follett, G. Heath, A. D. Whatman, A. Burns and M. Evans, defendants, to recover on a fire insurance policy on an automobile issued to plaintiff and another. To reverse a judgment for defendants, plaintiff prosecutes this writ of error.

William A. Jennings, for plaintiff in error.

John A. Bloomingston, for defendants in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Insurance—*when use of automobile by mortgagor avoids policy.* Where a policy of fire insurance on an automobile, issued to plaintiff and one who bought the automobile from plaintiff and gave back a mortgage for part of the purchase price, provides that the automobile shall not be used for renting purposes or for hire, and the evidence shows that such car was used mainly, if not entirely, for livery purposes and uses by such mortgagor, there can be no recovery under the policy.

2. Insurance, § 120*—*what are limits of rule of as to liberal construction of policy in favor of insured.* The rule that an insurance policy is to be liberally construed in favor of the insured is not carried to the extent of construing the policy contrary to its manifest intent and express condition.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. INSURANCE—*when provision in policy restricting use of automobile applies to both mortgagor and mortgagee.* The condition in a policy of fire insurance issued on an automobile to the mortgagee and mortgagor of the car, as their respective interests might appear, that the car shall not be used for renting purposes or for hire, applies to both the mortgagor and the mortgagee.