| | |
|---|---|
| Helen Lundblad<br>vs.<br>New Amsterdam Casualty Co. | No. 74346. |
| Roy Lundblad<br>vs.<br>New Amsterdam Casualty Co. | No. 74347. |
| Alice R. Walker<br>vs.<br>New Amsterdam Casualty Co. | No. 73991. |
| Kathleen O'Donnell<br>vs.<br>New Amsterdam Casualty Co. | No. 74345. |

November 23, 1928

BAKER, J. These four cases were tried together to the Court, jury trial waived. They are actions of debt on judgment and the same questions arise in each case.

The defendant has answered by filing a plea of the general issue and several special pleas.

The defendant company on June 30 1926, issued a certain public liability policy covering a motor coach or bus owned by the Interstate Motor Coach, Inc., a corporation organized in May, 1925, in this state and operating busses between the City of Providence and the City of Attleboro in Massachusetts.

On November 7, 1926, the bus in question came into the possession and control of the Providence-Worcester Coach Line, Inc., a corporation created in this state in June, 1926, which operated busses between Providence and Worcester, in Massachusetts. While this bus was being driven from Providence to Worcester by an employee of the Providence-Worcester Coach Line, Inc., an accident occurred. Three of the plaintiffs in the proceedings now before the Court were passengers on the bus and were more or less seriously injured, the fourth plaintiff being the husband of one of the other parties. Substantial judgments were obtained by these plaintiffs against the Providence-Worcester Coach Line, Inc., which said judgments remain entirely unsatisfied. The present proceedings were brought under the provisions of the General Laws of Rhode Island 1923, Chap. 258, Sec. 7.

The question for determination is whether or not these plaintiffs are covered by the provisions of the said public liability policy issued by the defendant company to the Interstate Motor Coach, Inc., covering the bus in question.

The first matter of defence called to the Court's attention by the defendant is that the plaintiff, Helen Lundblad, has now pending in another jurisdiction a suit relating to the same subject matter. It is agreed that there has been no satisfaction of any judgment obtained by this plaintiff and the Court is satisfied that the mere pendency of such a suit in another jurisdiction is no bar to the present proceeding.

The next point relates to the proper construction to be given a portion of Clause 8 of the policy in question. This clause relates to omnibus coverage and is the clause under which the plaintiffs are making their claim against the defendant. At the conclusion of this clause appears the following language: "This paragraph shall apply only as respects any automobile which is used

for 'Private Passenger' or 'Commercial' purposes;".

. The defendant argues that the bus covered by the policy does not fall within either of the two aforesaid designations. It calls to the Court's attention that in the schedule is a question relating to the style of body in connection with the seating capacity if a passenger car and the load capacity if a commercial car. It should be noted that under this heading the bus in question is listed as "25 pass. bus."

Each party contends that the construction of the sentence above quoted in the omnibus clause as contended for by the other would practically nullify the whole clause. To a certain extent the Court believes this to be so and therefore is of the opinion that said omnibus clause must be reasonably construed in order to give it any effect, as doubtless the parties to the insurance contract intended.

It seems settled law that where there is any ambiguity or uncertainty regarding the language used in such a policy, it should be construed against the insurer, whose policy it is, and, within reasonable limits, in favor of the beneficiary, although of course there should be no construction contrary to the express provisions of the policy.

Marmon-Chicago Co. vs. Heath, et al. 205 Ill. App. 605;

Brady vs. Norwich Ins. Society, 47 R. I. 416;

Ryder, Automobile Insurance, p. 53.

The defendant urges that the use of the word "commercial" in the schedule shows clearly that cars for carrying merchandise, such as trucks, were meant, and asks that the same meaning be given to the word "commercial" in the omnibus clause.

The Court, however, can see a distinction in the use of the word in the two places in question. In the schedule the word is used to describe the type of car. In the omnibus clause it is used merely to designate the purpose for which the vehicle is being used. In other words, the Court believes that the 25-passenger bus described in the schedule and which is the automobile covered by the policy was a vehicle which was being used for commercial purposes within the meaning of the last paragraph of the omnibus clause of the policy. If some such reasonable meaning were not given to the language employed apparently the bus in question would not come within any of the provisions of the omnibus coverage. The Court does not believe that this would be a reasonable construction of this portion of the policy. It is, therefore, of the opinion that this matter of defence is not available to the defendant.

The next, and, in the judgment of the Court, most important question relates to a certain condition in the policy. The policy, as written, is subject to certain conditions, under which there is no coverage, and under the heading "Exclusions, Part 4," appears the following language: "Any automobile while being used for rental or livery purposes or for the carrying of passengers for a monetary consideration, unless permitted by the description of usage appearing in the schedule."

An examination of the schedule shows in statement 9 that the automobile is to be used for the transportation of passengers for a consideration, but there is nothing in the schedule relating to the automobile being used for rental or livery purposes. There is an endorsement on the policy by which it is agreed that the policy covers the operation of the automobile between Providence and Worcester, subject to all the conditions, agreements and limitations of the policy as originally written. In the opinion of the Court, there is nothing in the provisions of this endorsement relating to rental or livery. For all that appears it might have been the intention of the parties that the owner of the vehicle, the Interstate Motor Coach, Inc., should operate be-

tween Providence and Worcester, or that it might give permission to another to so use the bus without, however, entering into any rental agreement.

The defendant in the cases at bar very earnestly contends that the bus in question was rented to the Providence-Worcester Coach Line, Inc., at the time the accident happened, and that, therefore, the condition in the policy relating to rental was in effect and that the defendant is not liable.

In this connection the plaintiffs first contend that the provisions of the omnibus coverage clause and the condition relating to rental are inconsistent, and that following the general rule of construction, the omnibus coverage clause should be given effect and not the other.

Ryder, Automobile Insurance, p. 36.

An examination of the entire policy by the Court leads it to believe that both provisions can stand and that they are not, strictly speaking, inconsistent. It is obvious that the conditions referred to in the policy are intended to act as limitations or restrictions to the general provisions, one of which is the omnibus coverage clause. This clause provides that the policy shall be available to any person or persons riding in the automobile and to any person or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named Assured.

It seems clear from the policy, however, that this coverage is limited and restricted by the conditions contained therein, including that relating to rental of the bus covered.

Ryder, Automobile Insurance, p. 38.

The Court is of the opinion, therefore, that the omnibus clause can not be given the very broad construction for which the plaintiffs contend but that, in order to give the whole policy meaning and effect, its operation must be restricted by the language of the conditions.

On the facts there can be no doubt but that the bus in question was being used at the time of the accident by the Providence-Worcester Coach Line, Inc., with the permission of the other company, the Assured. The question as to whether there was a rental within the meaning of the language of the conditions depends upon the construction given the evidence presented.

It appears that substantially the same persons were officers of both of these bus lines, although the list of stockholders was not entirely the same. The companies occupied the same office, but it is perfectly clear that they were two distinct corporations and each maintained its own accounts and set of books. The evidence discloses that there was a working agreement among the bus companies using a certain terminal that when the bus of any company got out of order or became damaged or was unable to operate for any reason, that the company might procure a bus from one of the other companies using the terminal at a charge of 35 cents per mile for operation. This arrangement was doubtless for the benefit of all the companies. It enabled them to use each other's busses in case of emergency and was of assistance in that each company did not have to maintain so many busses or carry reserves. In this particular case the facts show that a bus of the Providence-Worcester Coach Line, Inc., was unable to leave Providence for Worcester and the coach in question was obtained from the Interstate Motor Coach Line, Inc. The plaintiffs claim that this arrangement constituted no rental but was merely a loan from one company to another in a case of need.

A careful consideration by the Court of all the testimony leads it to believe that this arrangement constituted a rental within the meaning of the terms of the policy in question. It is true

that the officers of the two companies were substantially the same but in the eyes of the law they constitute two legal entities. While the charge of 35 cents per mile did not do much more than cover the actual expenses of operating the bus, and it was the habit of the company to charge 50 cents. per mile to outsiders, nevertheless, the Court is of the opinion that the arrangement constituted a real rental. It should be' noted that the witness, Mr. Kirby all through his testimony referred to the transaction as a rental. In a rental, provided there is reasonable consideration, in the judgment of the Court the actual amount charged is not particularly material. The Court is therefore of the opinion that on the facts presented the automobile in question was rented at the time of the accident by the Interstate Company to the Worcester Company within the meaning of the condition of the policy referred to.

The plaintiffs urge that the testimony shows that it was the intention when the policy was procured that it cover such a situation as has here developed. It is possible that this is so. There is evidence in the case which somewhat tends to support this claim. It perhaps was in the minds of the officers of the Interstate Company to have the bus covered under all conditions. Apparently the insurance was procured through a Mr. Robinson, who has not given any testimony in the present proceedings. The Court, therefore, has not the benefit of his understanding of the transaction. It is possible that he merely understood that a permissive use was wanted without the privilege of rental; That is the way the policy seems to read. In any event, it is difficult to see how the provisions of the written contract can be varied or changed by any oral understanding reached prior to the time the policy was issued. Furthermore, condition J of the policy has a distinct

bearing on this question. See also *Inventasche* vs. *Superior Fire Ins. Co.*, 48 R. I. 321.

There would appear to be nothing in the evidence which, in the opinion of the Court, creates anything in the nature of an estoppel against or a waiver by the defendant company.

The cases are not entirely uniform as to whether the violation of such a provision as the rental provision voids the policy or merely suspends its operation. Some courts have held such a provision to be a promissory warranty and a breach thereof causes the policy to become void. The Court does not believe that to be the situation here, however. It is of the opinion that this provision was a condition rather than a promissory warranty and that, therefore, where such a condition has been breached the insurer's liability is merely suspended until the violation ceases.

3 Cooley's Briefs on Insurance, 2nd ed. pp. 2760, 2942.

In the present proceedings, therefore, the Court is of the opinion that the plaintiffs are not covered by the provisions of the policy involved because the operation of said policy was suspended at the time the accident in question occurred by reason of the fact that the assured had violated the condition of the policy in renting the bus in question to another company.

For the reasons above indicated the Court finds for the defendant in each of said above cases.

For plaintiffs: Greenough Easton & Cross, Edward G. Fletcher, Edward F. McElroy, John B. Lawlor.

For defendants: Frederick A. Jones.